BENJAMIN B. WAGNER
United States Attorney
JEAN M. HOBLER
JASON HITT
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

ANDREW SIGLER
Trial Attorney, National Security Division
U. S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:14-CR-00087 JAM |
| Plaintiff, | STIPULATED PROTECTIVE ORDER |
| v. | |
| NICHOLAS MICHAEL TEAUSANT, | |
| aka, Assad, | |
| Defendants. | |

The parties have held significant discussions regarding the nature of materials relevant to this case, sensitive information contained within those materials, and the protection individuals known as UCEs and CHSs[1] need from harm that could result from their public identification. Based on those discussions and the nature of the case in general, the parties, by and through their respective counsel, therefore stipulate and agree that there is good cause for issuance of a protective order in the following form.

---

[1] "UCE" stands for "Under Cover Employee," a term defined to include FBI personnel as well as peace officers with local or state law enforcement organizations who work with the FBI as task force officers. "CHS" stands for "Confidential Human Source," and includes civilian personnel working with the FBI in the course of the investigation.

STIPULATED PROTECTIVE ORDER                     1

**A.     Protection of Third Party Personal Identifiers Within the General Discovery**

As part of its obligation pursuant to FED. R. CRIM. P. 16, the United States will provide the defendants with general discovery documents, referring to documents or items formally produced in the discovery process, as they are produced.names, addresses, social security numbers, dates of birth, and other sensitive information such as phone or account numbers

1. Because the purpose of this discovery is for nothing other than use in the prosecution or defense in this case, the parties agree that, general discovery materials shall not be further disseminated by the defendant, the United States, or their respective counsel of record, or any individual associated with them, to any individuals, organizations or other entities, other than: (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff); (ii) experts retained to assist in the preparation of the case; and (iii) individuals or entities assisting the United States in the prosecution of the case (generally the same types of individuals listed (i), above). Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except for good cause and with the express direction of counsel of record or co-counsel. In addition, counsel of record, any co-counsel, and any investigator may show (but not provide copies of or allow memorialization of information contained in) any general discovery materials to witnesses or potential witnesses, if it is determined that it is necessary to do so for the purpose of preparing the case;

2. Any general discovery in this case, including any copies, notes, summaries, etc. containing general discovery, will be stored by the parties at their respective offices in a manner designed to avoid inadvertent disclosure of the materials to anyone not subject to this protective order Should it be necessary to provide copies of general discovery to an expert, that individual will similarly store the materials in his or her office in a manner designed to avoid inadvertent disclosure of the materials to anyone not subject to this protective order, including other individuals or personnel at his or her office who are not subject to this protective order.  This provision does not preclude the <u>*use* of</u> <u>materials outside of the storage location, but is intended to ensure that the materials are properly</u> <u>maintained and stored in a secure fashion when not directly in use.</u>

3. Any general discovery filed with the Court, that contains sensitive personal information, or a description or reproduction thereof, such as names, addresses, social security numbers, dates of birth, and other sensitive information such as personal phone or account numbers will be filed with such information redacted, or the whole document containing such information shall filed under seal.

4. The procedure for use of protected general discovery during any hearing or trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider redacting protected general discovery to remove individual personal identifiers, request the Court to submit such documents under seal, code the documents to substitute numerical or other designations for the individual's name or other identifying information, request that any exhibit be placed under seal with an instruction to the jury not to disclose any information contained therein, and introduce any summary evidence where practicable which may be more easily redacted.

5. Nothing contained in this motion shall prevent or in any way limit or impair the right of the United States to disclose to any regulatory or law enforcement agency, or any agency or department of the United States, or any division of any such agency or department, protected general discovery documents related to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction. Nor shall anything contained in this motion prevent or in any way limit or impair the use of any such protected general discovery by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction.

**B.** **Protection of Sensitive Discovery Materials**

For the purposes of this motion for an Omnibus Protective Order, the term "sensitive discovery materials" includes all declassified or formerly-classified information or materials that may be reviewed by or made available to the defendant or defense counsel in this case.

1. "Sensitive discovery materials" shall not be further shown or provided by the defendant or his counsel to any individuals, organizations or other entities, other than (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff); and (ii) experts retained to assist in the preparation of the defense. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except by

the express direction of counsel of record or co-counsel.

2. It is expressly understood that counsel for the defendant or co-counsel shall not provide or show any of such sensitive discovery materials to witnesses absent a court order. The defendant may provide notice to the Court of its intent to provide or show particular identified item(s) to a witness and the purpose in doing so.[2] The notice shall be under seal. No disclosure of the item(s) to the witness(es) shall be made until the Court so permits.  Each witness to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and shall  be advised that he or she is obligated to comply with its terms. Furthermore, the witness shall not further disseminate any information related to the sensitive discovery materials.  Absent specific authorization from the Court, copies of sensitive discovery materials shall not be distributed to any witness.

3. Any document filed with the Court, including any attachment, which contains sensitive discovery materials, or a description or reproduction thereof, will be filed in redacted form or under seal.

4. Counsel shall store all sensitive discovery materials, and any copies thereof, in a secure place defense counsels' office or the office of an expert

**C.  UCE or CHS Personal Identifiers in Either General or Sensitive Discovery**

If any information about the actual or cover personal identifiers[3] of UCEs or CHSs is included in either general or sensitive discovery materials:

1. The defendant and counsel will not publicly disclose the actual or cover names of any UCE or CHS.

2. The defendants and counsel will not show or provide any discovery materials including personal identifiers of a UCE or CHS to anyone other than to (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff); and (ii) experts retained to assist in the preparation of the defense. Each of the individuals to

---

[2] Of course, the defense may also provide such notice informally to counsel for the United States and, where practicable, the parties may provide joint notice to the Court requesting authorization for the defense to show specific items to witnesses.

[3] In the context of CHSs and UCEs, such personal identifiers include not only identifiers such as addresses, Social Security numbers, and dates of birth, but also physical characteristics, true identity, references that could lead to the identification of the CHS or UCE (such as references to hometowns, places they have been and why, people they know, etc.), and any other unique identifying number or characteristics.

STIPULATED PROTECTIVE ORDER   4

whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except for good cause and with the express direction of counsel of record or co-counsel.

3. All audio and video recordings in which a UCE or CHS can be seen or heard, or is discussed, shall not be copied or reproduced by the defense in any way unless (1) the defendant provides advanced notice to the United States, and (2) the defendant moves the Court for authorization to make such copies and reproductions. Notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such applications. Copies may ONLY be provided to members of the defense team (as defined in paragraph 2), and may only be provided to further the investigation and preparation of this case.

4. All audio and video recordings in which a UCE or CHS can be seen or heard, or is discussed, must be maintained at the office of defense counsel, and removed from such offices only by members of the defense team and only for the purpose of the investigation and preparation of this case. The audio and video recordings described here must promptly returned to the office of defense counsel when the need for its use outside of such office is complete.

**D.    General Provisions**

1. Any modifications of this protective order will only be effective if ordered by the Court. Until the Court rules on any such motion, no disclosure of protected general discovery shall be made, except in compliance with this protective order.

2. In the event that defense counsel's representation is terminated, the materials covered by this order shall be returned to the United States, and shall not be provided directly to the defendant. Should new counsel be substituted in, materials may be transferred to such new counsel provided that all such new counsel and their defense team be subject to the terms and conditions of this protective order.

3. At the conclusion of this criminal matter (defined to include any appeals and collateral attacks), defense counsel shall return to the United States all discovery materials and any copies thereof. Defense counsel shall also destroy any derivative contents of such sensitive government discovery material, *e.g.*, verbatim excerpts of recordings or transcripts (if they exist), other than attorney work product.

4. All sensitive discovery information that may be provided as part of the discovery materials in this case is now and will forever remain the property of the United States. Defense counsel will return the sensitive discovery information, and all copies thereof, to the United States at the conclusion of the case (defined to include any appeals and collateral attacks).

5. This protective order is not intended to supplant all applicable laws, regulations, and requirements for the handling of classified or otherwise sensitive or protected materials, but only to provide specific mechanics for handling discovery in this case that may not otherwise be addressed by such laws, regulations, and requirements.

6. The parties recognize that disputes may arise regarding the status of particular documents, evidence, or information under this protective order and agree that they will attempt to mutually resolve such disagreements.  In the event, however, that the parties are unable to reach a mutually acceptable resolution, nothing in this protective order precludes either party from presenting the dispute to the Court for resolution, provided that the parties must submit all such disputes in redacted form or under seal or, if necessary, consistent with the provisions of the Classified Information Procedures Act.

7. This protective order shall survive the termination of this action.

Dated: _____

BENJAMIN B. WAGNER
United States Attorney

By: _____
JEAN M. HOBLER
Assistant United States Attorney

Dated: _____

HEATHER E. WILLIAMS
Federal Defender

By: _____
MATTHEW SCOBLE
Assistant Federal Defender

## ORDER

Pursuant to Federal Rules of Criminal Procedure Rule 16(d)(1), the Court finds good cause to issue the protective order requested by the parties. The above stipulated order is therefore adopted by this Court. IT IS SO ORDERED.

Dated: _8/19/2014_____

*/s/ John A. Mendez*
JOHN A. MENDEZ
U.S. District Judge