HEATHER E. WILLIAMS, #122664
Federal Defender
MATTHEW SCOBLE, #237432
BENJAMIN D. GALLOWAY, #214897
Assistant Federal Defender
Designated Counsel for Service
801 "I" Street, 3rd Floor
Sacramento, CA 95814

Attorney for Defendant
NICHOLAS TEAUSANT

FILED

AUG 0 3 2015

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
           DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> NICHOLAS TEAUSANT, <br><br> Defendant. | NO. 2:14-CR-00087 JAM <br><br> STIPULATION REGARDING COMPETENCY AND STATUS UPDATE <br><br> DATE:  August 4, 2015 <br> TIME:  9:15 a.m. <br> JUDGE: Hon. John A. Mendez |

I.  STIPULATION REGARDING COMPETENCY

The defense represents the following:

On December 2, 2014, at the request of counsel for defendant, a psychiatric consultant, Dr. Pablo Stewart, M.D., produced a report in which he gave the opinion that Mr. Teausant suffered from Schizophrenia.

On December 2, 2014, defense counsel informed the court that, based on Dr. Stewart's report and counsels' own interactions with Mr. Teausant, counsel had a doubt regarding Mr. Teausant's mental competency under 18 U.S.C. § 4241(a).

On December 3, 2014, the Court found that reasonable cause existed to believe that Mr. Teausant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the

proceedings against him or to assist properly in his defense. Accordingly, the Court ordered that Mr. Teausant be committed to the custody of the Attorney General for placement in a suitable facility for a psychiatric or psychological examination and treatment under the provisions of 18 U.S.C. § 4247(b) and (c) and § 4241.

Mr. Teausant was subsequently transferred from the Sacramento Main Jail's isolation unit to the Bureau of Prisons' Metropolitan Detention Center (MDC) in Los Angeles, California for evaluation and opinion to determine whether Mr. Teausant is competent to stand trial. Mr. Teausant remained at the MDC for several weeks. During that time, BOP doctors replaced the antipsychotic medication prescribed by the Sacramento Main Jail with a different antipsychotic medication.

On April 7, 2015 [handwritten correction from 2014], Mr. Teausant was returned to the Sacramento Main Jail following the completion of the BOP competency evaluation and completion of the BOP's Forensic Evaluation report, dated March 24, 2015 [handwritten correction from 2105]. Since his return to Sacramento, Mr. Teausant has remained on the new antipsychotic medication prescribed by BOP doctors, and has been housed in general population rather than isolation.

In the months since his return to Sacramento, the defense team has met with Mr. Teausant on numerous occasions and has observed a marked improvement in his ability to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

THEREFORE,

Based upon the defense team's interactions with Mr. Teausant since his return from the MDC, and based upon the opinion of BOP examiners that, at the time of his examination, Mr. Teausant appeared to have an adequate understanding of the court process and the charges brought against him and a willingness and ability to assist in his defense, the defense hereby agrees and stipulates that Nicholas Teausant is presently able to understand the nature and consequences of the proceedings against him and to assist properly in his defense and is, therefore, competent to stand trial. Based on the defense's representations, and the BOP

examiners' opinion, the government agrees and joins this stipulation.

Based on the foregoing, the parties hereby request that the Court find that Mr. Teausant is presently mentally competent to assist in his defense, including standing trial, within the meaning of 18 U.S.C. § 4241. A proposed order is attached.

II.   STATUS UPDATE

A. Discussions Regarding Negotiated Dispostion

Over the past several months, the parties have had several informal discussions regarding the resolution of this case. More recently, the parties have begun holding formal conferences in an effort to reach a negotiated disposition, all of which have included participation by counsel for the parties, a supervising AUSA, and an attorney from the National Security Division of the U.S. Department of Justice. The parties met and conferred on June 24, 2015. The parties again met and conferred on June 29, 2015, in a meeting that also included a representative from the United States Probation Office. Both of these meetings were productive. Although all parties continue exploring all potential avenues of litigation, a negotiated resolution appears to be attainable. The parties will meet and confer again regarding settlement on August 3, 2015.

B. Status of Discovery

To date, the government has provided many thousands of pages of discovery to the defense, to include audio and video recordings, cell phone data, and other forensic evidence. The defense has been actively reviewing and investigating the government's evidence from the outset of this case. In July 2015, the government produced a significant amount of classified discovery. The defense has begun its review of this production; however, classified information requires special handling, making the review of the latest production time-consuming. The government believes that discovery is now, in large measure, complete. The defense will, of course, continue its review in the most expeditious manner possible in the coming weeks.

The parties will request additional time to complete investigation and review of discovery. During that time, the parties will continue to pursue a negotiated resolution.

DATED: July 31, 2015                                Respectfully submitted,

                                                    HEATHER E. WILLIAMS
                                                    Federal Defender

                                                    /s/ Matthew M. Scoble
                                                    MATTHEW M. SCOBLE
                                                    Assistant Federal Defender
                                                    Attorney for Defendant
                                                    NICHOLAS TEAUSANT

                                                    /s/ Benjamin Galloway
                                                    BENJAMIN GALLOWAY
                                                    Assistant Federal Defender
                                                    Attorney for Defendant
                                                    NICHOLAS TEAUSANT


DATED: July 31, 2015                                BENJAMIN B. WAGNER
                                                    United States Attorney

                                                    /s/ Jean Hobler
                                                    JEAN HOBLER
                                                    Assistant U.S. Attorney
                                                    Attorney for Plaintiff

## ORDER

The Court, having received, read, and considered the Bureau of Prisons' Forensic Evaluation report, dated March 24, 2015, and the stipulation of the parties, adopts the stipulation of the parties in its entirety as its order. The Court specifically finds that the defendant, Nicholas Teausant, is presently mentally competent to assist in his defense and to stand trial within the meaning of 18 U.S.C. § 4241.

DATED: August __3__, 2015

HON. JOHN A. MENDEZ
United States District Court Judge