UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff - Appellee,<br><br>   v.<br><br>NICHOLAS MICHAEL TEAUSANT,<br><br>          Defendant - Appellant. | No. 16-10258<br><br>D.C. No. 2:14-cr-00087-JAM-1<br>U.S. District Court for Eastern California, Sacramento<br><br>**MANDATE** |

The judgment of this Court, entered October 27, 2017, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Craig Westbrooke
Deputy Clerk
Ninth Circuit Rule 27-7

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| UNITED STATES OF AMERICA, | No.   16-10258 |
|---|---|
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00087-JAM-1 |
| v. | |
| NICHOLAS MICHAEL TEAUSANT, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted October 17, 2017
San Francisco, California

Before: IKUTA and HURWITZ, Circuit Judges, and MCSHANE,** District Judge.

Nicholas Teausant appeals a sentence of 144 months imposed for a conviction for attempting to provide material support or resources to a foreign terrorist organization in violation of 18 U.S.C. § 2339B(a)(1). We affirm.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Michael J. McShane, United States District Judge for the District of Oregon, sitting by designation.

1. Unless another guideline section expressly covers an attempted offense, the appropriate base offense level for an attempt is the generic attempt guideline found in U.S.S.G. § 2X1.1. *United States v. Simon*, 858 F.3d 1289, 1291 (9th Cir. 2017) (en banc). Here, the district court applied U.S.S.G. § 2M5.3,[1] the guideline section for substantive offenses under 18 U.S.C. § 2339B. The court erred, because there is no express provision in the application notes or commentary to the guidelines that directs the sentencing court to apply § 2M5.3 to attempted offenses under 18 U.S.C. § 2339B.

2. However, "[w]hen an alleged error is harmless, it is not a ground for resentencing." *United States v. Ali*, 620 F.3d 1062, 1074 (9th Cir. 2010) (citation and internal quotation marks omitted). Teausant argues that under § 2X1.1, he would have been entitled to a three level reduction in his guideline calculation. Even assuming the application of that reduction, the resulting guideline range of 262 to 327 months is still well above the statutory maximum sentence of 15 years (180 months) for offenses under 18 U.S.C. § 2339B(a)(1) (2009) (amended to 20 years in 2015). The district court made clear that, because the guideline calculation led to a range in excess of the statutory maximum penalty, "as a matter of law, the 15-year maximum sentence becomes the guideline range." It is plain from the

---

[1] At the time of sentencing, *Simon* had not been decided and the sentencing court applied the reasoning found in *United States v. Hernandez-Franco*, 189 F.3d 1151 (9th Cir. 1999). *Simon* expressly overruled *Hernandez-Franco*. 858 F.3d at 1298.

record that whether the district court calculated the guideline range under § 2X1.1 or § 2M5.3, it would have adjusted the advisory guideline range to 15 years and then gone on to consider the factors under 18 U.S.C. § 3553(a) that warranted a variance: "It is not my intention to impose a 15-year prison term, but to grant a variance in this case under that 3553(a) factor." P.43, lines 10-11. Any error in using the wrong guideline was therefore harmless.

    3. A sentence of 144 months is not substantively unreasonable. The district court clearly recognized its discretion under *Kimbrough v. United States*, 552 U.S. 85 (2007), to vary from the guidelines based on a policy disagreement with the terrorism enhancement found in U.S.S.G. § 3A1.4. Indeed, the court chose to offset the harshness of the enhancement through consideration of 18 U.S.C. § 3553(a) factors. ER Pages 14 to 15. After reviewing an extensive record that included Teausant's three mental health evaluations, and after considering all factors set forth in 18 U.S.C. § 3553(a), the court determined that a 36 month variance from the statutory maximum was appropriate.

    **AFFIRMED.**