# UNITED STATES DISTRICT COURT
## Eastern District of California

## Petition For Warrant or Summons For Person Under Supervision

**Name of Person Under Supervision:** Nicholas Michael Teausant     **Docket Number:** 0972 2:14CR00087-01

**Name of Judicial Officer:** Senior United States District Judge John A. Mendez

**Date of Original Sentence:** 6/7/2016

**Original Offense:** 18 U.S.C. § 2339B(a)(1) – Attempting to Provide Material Support and Resources to a Foreign Terrorist Organization (CLASS C FELONY)

**Original Sentence:** 144 months custody Bureau of Prisons; 25 years term Supervised Release; Mandatory testing; No firearms; DNA collection; $100 special assessment.

**Special Conditions:** 1) Search Condition (Standard); 2) Outpatient Drug/Alcohol Treatment; 3) Drug/Alcohol Testing; 4) Outpatient Mental Health Treatment; 5) Aftercare Co-payment; 6) No On-Line Access; 7) Computer Inspection; 8) Employer Disclosure; 9) No Terrorist Communication/Associations; 10) Take Medications

**Type of Supervision:** Supervised Release

**Date Supervision Commenced:** 11/15/2024

**Other Court Actions:** None

---

### PETITIONING THE COURT

☒ **TO ISSUE A NO BAIL WARRANT. THIS PETITION IS TO BE SEALED UNTIL FURTHER ORDER OF THE COURT.**

The probation officer alleges the Person Under Supervision has violated the following condition(s) of supervision:

RE: **Nicholas Michael Teausant**                              Docket Number: 0972 2:14CR00087-01

| Charge Number | Nature of Violation |

**Charge 1:**            **UNAUTHORIZED ACCESS OF THE INTERNET DEVICE**

On January 8, 2025, a search was conducted at Teausant's residence and an unauthorized Samsung smart tablet with internet access capability was located in Teausant's bedroom. This conduct is in violation of special condition number six which states, in part, *"The defendant shall not possess or use a computer or any device that has access to any 'on-line computer service' unless approved by the probation officer."*

**Charge 2:**            **ASSOCIATION WITH PROHIBITED PERSONS(S)**

Starting in November 2024, Teausant had ongoing contact with multiple convicted felons. This conduct is in violation of standard condition number nine which states, in part, *"The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer."*

**Charge 3:**            **FAILURE TO PARTICIPATE IN TREATMENT**

On January 31, 2025, February 7, 2025, and February 14, 2025, Teausant failed to participate in outpatient mental health treatment. On February 24, 2025, he was terminated from treatment, in violation of special condition number four which states, in part, *"The defendant shall participate in a program of outpatient mental health treatment."*

**Justification:**  Teausant's term of supervised release commenced on November 15, 2024. He released from the Residential Re-entry Center in San Francisco and moved in with this grandmother in Woodbridge. Teausant immediately began working as a laborer for a trucking company. He was referred for a psychiatric evaluation and software monitoring was placed on his authorized cellular phone, a Samsung 15.

On December 10, 2024, Teausant participated in a psychiatric evaluation at which time he minimized the extent of his mental health history as reported in the presentence report. He further declined psychiatric medication. When presented with his prior statements, including that he experienced auditory hallucinations, Teausant denied having ever made such statements. Regarding his previous diagnosis of schizophrenia, he said he did not know how the clinicians reached such conclusion. Teausant was subsequently referred to individual mental health counseling for further assessment.

When reviewing monitoring reports of Teausant's authorized cellphone, it was discovered that on December 25, 2024, he conducted an online search for "Can you buy a BMR rifle in California."

RE: **Nicholas Michael Teausant**                                      Docket Number: 0972 2:14CR00087-01

In addition, it appeared Teausant contacted other individuals who were still in Bureau of Prisons (BOP) custody and those on supervised release. On December 26, 2024, Teausant texted me at 9:40 p.m. stating he secured a new cellphone with a new phone number, and he noted that his previous phone was "glitching." He was instructed to refrain from using his new cellphone until monitoring software was installed. Teausant was admonished for purchasing new internet devices without prior authorization from his probation officer. Teausant acknowledged and indicated he understood.

On January 8, 2025, a search of Teausant's bedroom was conducted during a home visit. A Samsung smart tablet was found under the covers of his bed. Teausant stated the device belonged to his grandmother but was able to provide the passcode. A handheld review of the device revealed it was in fact a Samsung smart tablet with multiple applications installed. Teausant was actively using email and messaging on this unauthorized device, which was consequently seized. Teausant's authorized phone, a Samsung 15, was also seized as it was used to research a BMR rifle. These devices were submitted for forensic data extraction; the extracted data, together with the devices, were returned on February 10, 2025.

While reviewing Teausant's Samsung 15, data and monitoring reports revealed he was having ongoing communication with Michael Kincade, a convicted felon and a registered sex offender who is serving a federal term of supervised release. Some of their conversations included discussions about circumventing probation's supervision of their monitored devices; specifically on January 8, 2025, Kincade text Teausant, "Hey does probation officer ever check your phone." Teausant responded, "Nope…Your program has the name Mike, and a pic you on the pier." Kincade, in a series of texts, then instructed Teausant to delete his photo.  There was a subsequent 26-minute telephone call between the two.

On February 14, 2025, Teausant and Kincade again exchanged text messages and engaged in a 29-minute phone conversation.  Kincade thereafter sent a photo of a large sum of U.S. currency. The following day, Teausant sent Kincade multiple images of alcohol and wrote, "Come have a drink with me." Teausant later sent multiple images of naked women, adding "I'll share."  Lastly, Teausant shared a video with Kincade, via text, of an adult female performing oral sex on himself; he subsequently told Kincade, "That's my baby mom going d9wn on me."

On February 19, 2025, Teausant and Kincade exchanged multiple text messages and phone calls where, in summary, Kincade asked Teausant to make a phone call on his behalf.  Kincade subsequently texted Teausant, providing him with a name and phone number associated with a Texas address.  The address is listed as belonging to Wyman Moore, who is believed to be Kincade's father. Teausant does in fact call the aforementioned number but does not appear to reach anyone.  Kincade requested that Teausant continue to call that number, but Teausant

RE: **Nicholas Michael Teausant**                                Docket Number: 0972 2:14CR00087-01

responded, "No just txt him probation number." Teausant further advised he would block "[your] dad's number." Kincade then wrote, "oh shit what if he calls me back and hears my vm lol." Four hours later, Kincade removed his GPS ankle monitor and absconded from a Residential Re-entry center and supervised release. His whereabouts are currently unknown.

Additionally, Teausant communicated with multiple other convicted felons, notably mostly sex offenders. Teausant has been active on multiple social media sites including Telegram, Quora, Snapchat, TikTok and Discord. He has made numerous phone calls to the BOP and received many calls from the BOP as well. The Samsung smart tablet data is still under review; however, it appears Teausant was using multiple messaging applications including Signal, Telegram, TikTok, and had installed a Virtual Private Network (VPN).

On February 24, 2025, Teausant's mental health provider terminated Teausant from treatment as he was no longer participating in counseling as expected and had missed three scheduled sessions. The clinician made every effort to support Teausant's success, including fitting him into her schedule on the only day he made himself available and ensuring he reported on a day where other offenders who were convicted of sexual offenses were not present. This arrangement was to protect the offenders since Teausant made prior statements about wanting to "kill pedophiles." Also of concern, Teausant made an alarming statement to his clinician where he expressed an interest in going to "Valhalla like a warrior." This statement references a desire to be killed in a battle to go into the afterlife.

**Detention:** Teausant is approximately three months into his term of supervised release for terrorist activities. During this short time, he had ongoing contact with criminal associations, possessed an unauthorized device, and failed to participate in sex offender treatment as directed. Teausant continues to represent a significant risk to the community due to his criminal history, disregard for the Court's orders, and significant efforts to circumvent supervision. He further represents a flight risk due to his prior effort to leave the country. As such, it is respectfully requested a warrant be issued for his arrest, and that he remains detained throughout all court proceedings.

RE: **Nicholas Michael Teausant**                                   Docket Number: 0972 2:14CR00087-01

**I declare under penalty of perjury that the following is true and correct.**

**EXECUTED ON:**   February 25, 2025
                   Sacramento, California

                                                    Respectfully submitted,

                                                    _____
                                                    **Lisa Hage**
                                                    **Supervisory United States Probation Officer**
                                                    Telephone: (916) 930-4303

**DATED:**   2/25/2025                              Reviewed by,

                                                    _____
                                                    **Marlene K. DeOrian**
                                                    **Supervisory United States Probation Officer**

PROB 12C
(Rev. 06/21)

RE: **Nicholas Michael Teausant**                    Docket Number: 0972 2:14CR00087-01

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

☒ The issuance of a no bail warrant. This Petition is sealed until further order of the court.

☐ The issuance of a summons.

☐ Other:

**FURTHER PROCEEDINGS REGARDING CUSTODY:**

☐ Defendant is ordered detained, to be brought before District Judge forthwith.

☒ Initial appearance and detention hearing before Magistrate Judge.

Dated: February 26, 2025                    /s/ John A. Mendez
                                            THE HONORABLE JOHN A. MENDEZ
                                            SENIOR UNITED STATES DISTRICT JUDGE

CC:
United States Probation
Assistant United States Attorney: David Andrew Sigler; Jason Hitt; Jean Marie Hobler
United States Marshal Service

RE: **Nicholas Michael Teausant**                                   Docket Number: 0972 2:14CR00087-01

# STATEMENT OF EVIDENCE OF ALLEGED
# SUPERVISED RELEASE VIOLATIONS

Honorable John A. Mendez
Senior United States District Judge
Sacramento, California

                                                RE:    Teausant, Nicholas Michael
                                                          Docket Number: 0972 2:14CR00087-01

Your Honor:

In addition to a copy of the **Acknowledgment of Conditions of Probation or Supervised Release and Receipt of Criminal Judgment and Judgment and Commitment Order,** the following evidence and/or testimony will be offered to support the probation officer's allegation that the above-named releasee is in violation of the conditions of supervision as stated on the attached Probation Form 12C - Petition for Warrant or Summons for Person Under Supervision.

**Charge 1:**       **UNAUTHORIZED ACCESS OF THE INTERNET DEVICE**

    **a. Evidence:**

        i. Samsung smart tablet.

    **b. Witnesses:**

        i. Supervisory U.S. Probation Officer Lisa Hage.

**Charge 2:**       **ASSOCIATION WITH PROHIBITED PERSONS(S)**

    **a. Evidence:**

        i. Computer monitoring reports; data extraction meeting.

    **b. Witnesses:**

        i. Supervisory U.S. Probation Officer Lisa Hage.

RE: **Nicholas Michael Teausant**	Docket Number: 0972 2:14CR00087-01

**Charge 3:**   **FAILURE TO PARTICIPATE IN TREATMENT**

    a. **Evidence:**

        i. Communication received from Barrie Lamonte.

    b. **Witnesses:**

        i. Supervisory U.S. Probation Officer Lisa Hage.

Respectfully submitted,

*/s/ Lisa Hage*

**Lisa Hage**
**Supervisory United States Probation Officer**
Telephone: (916) 930-4303

**DATED:** 2/25/2025
Sacramento, California

Reviewed by,

*/s/ Marlene K. DeOrian*

**Marlene K. DeOrian**
**Supervisory United States Probation Officer**

RE: **Nicholas Michael Teausant**                                    Docket Number: 0972 2:14CR00087-01

### REVOCATION GUIDE – SUPERVISED RELEASE

**Name of Person Under Supervision:** Nicholas Michael Teausant     **Docket Number:** 0972 2:14CR00087-01

**Date of Original Offense:** 03/15/2014

**Original term of supervised release imposed:** 25 years

**Highest grade of violation alleged:** C

**Criminal History Category of person under supervision:** I

**Original guideline range:** 3 to 9 months

**Chapter 7 range of imprisonment:** 180 months

**Maximum term on revocation - 18 USC 3583(e)(3):** (*choose one below*)

☒     **Class C and/or D felony - 2 years**

**Violation requires mandatory revocation:  YES:** ☐   **NO:** ☒

**Original offense committed on or after 04/30/2003**:  Court may sentence up to the statutory maximum term of supervised release applicable to the original offense of conviction, but not exceed the maximum for the classes of offenses noted above.  There is no adjustment for prison time imposed for any previous revocation of the term of supervised release. The Court must consider but is not bound by Chapter 7 ranges.  Upon revocation, the Court may re-impose supervised release; however, the term is limited to the statutory maximum authorized under Title 18 USC 3583(e)(3) for the original offense of conviction, less the current term of imprisonment imposed upon revocation, and all prior terms of imprisonment imposed upon previous revocations.

### MANDATORY REVOCATION ISSUES

**Original offense committed after 09/13/94:**  Title 18 USC 3583 instructs that supervision shall be revoked upon a finding of:  1) Possession of a controlled substance; 2) Possession of a firearm; or, 3) Refusal to comply with mandatory drug testing.  If the violation involves the use of a controlled substance, the Court has the discretion to find that "use" constitutes "possession."

RE: **Nicholas Michael Teausant**                                  **Docket Number:** 0972 2:14CR00087-01

**Positive/Failed Drug Tests after 11/02/2002:** Title 18 USC 3583(g) amended and instructs that supervision be revoked for: Testing positive for illegal controlled substances more than three times over the course of one year.